UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

A. M.A.

Petitioner,

v.

MINGA WOFFORD, et al.,

Respondents.

No. 1:26-cv-1612-TLN-JDP

**ORDER**

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 6, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 10.) Respondents have filed objections to the findings and recommendations. (ECF No. 11.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Upon review of the file, the Court finds that Petitioner is subject to 8 U.S.C. § 1226(a) as a noncitizen, present without admission, who was apprehended in the interior of the country. (ECF No. 1); *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026).

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed August 6, 2026 (ECF No. 10) are ADOPTED in full;

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

3. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents show by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. At any such hearing, Petitioner shall be allowed to have counsel present; and

4. The Clerk of Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

DATE: August 27, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE